UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DALTON ERIC WASHINGTON,

    Plaintiff,

v.                                                                         Case No:   6:18-cv-725-Orl-37TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

### REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act, as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of Defendant, the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for Supplemental Security Income. Upon review, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED**.

### Background[1]

On January 20, 2015, Plaintiff filed for benefits, alleging an onset date of April 22, 2014 (Tr. 15, 195-202). He claimed disability due to chondromalacia, arthritis, HIV, depression and anxiety, hypertension, diabetes, lumbar spine/pinched nerve and chronic back pain, sleep apnea, gastrointestinal disorder, and "non specific emotional problems." (Tr. 222). Plaintiff's claim was denied initially and on reconsideration (Tr. 139-150) and he requested and received a hearing before an administrative law judge (the "ALJ") (Tr. 36-62, 152-155). On August 9, 2017, the ALJ issued his decision finding Plaintiff not disabled

---

[1] The information in this section comes from the parties' joint memorandum (Doc. 24).

(Tr. 12-38). The Appeals Council denied Plaintiff's request for review (Tr. 1-6), making the ALJ's August 2017 decision the final decision of the Commissioner. Plaintiff brings this action after exhausting his available administrative remedies. This dispute has been fully briefed and was referred to me for a report and recommendation.

## The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process appearing in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and at step five, the burden shifts to the Commissioner to prove that other jobs exist in the national economy that the claimant can perform. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

The ALJ performed the required sequential analysis in this case. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since his application date (Tr. 18). At step two, the ALJ determined that Plaintiff suffers from the severe impairments of: (1) bilateral knee degenerative joint disease; (2) inflammatory arthritis; (3) HIV-positive status; (4) essential hypertension; (5) diabetes mellitus; (6) lumbar degenerative disc disease; and (7) sleep apnea (20 CFR 416.920(c)) (Tr. 18). At step three, the ALJ found that Plaintiff did not have an impairment or combination of

impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (Tr. 21).

Next, the ALJ decided Plaintiff has the residual functional capacity[2] ("RFC") to perform:

> sedentary work as defined in 20 CFR 416.967(a) and could occasionally climb ramps or stairs; never climb ladders, ropes, or scaffolds; occasionally balance with the use of a handheld assistive device; frequently stoop; occasionally kneel, crouch, and crawl; must avoid concentrated exposure to extreme cold and heat, humidity, excessive vibration; must also avoid concentrated exposure to irritants, such as fumes, odors, dust, gases, and poorly ventilated areas; and must avoid concentrated exposure to operational control of moving machinery, unprotected heights, and hazardous machinery.

(Tr. 23).

At step four, the ALJ determined that Plaintiff was unable to perform his past relevant work as a moving van helper, office helper, and distributing clerk (Tr. 30). Based on the testimony of a vocational expert, the ALJ concluded at step five that considering Plaintiff's age,[3] education,[4] work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (Tr. 31). As a result, the ALJ found that Plaintiff was not under a disability since his January 9, 2015 application for benefits (Tr. 27).

## Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied

---

[2] The residual functional capacity is an assessment based on all relevant evidence of the most a claimant can do in a work setting despite any limitations that may result from his impairments. See 20 C.F.R. § 404.945(a)(1); Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

[3] Plaintiff was forty-six years old on the date the application was filed (Tr. 30).

[4] Plaintiff testified that he completed the 11th grade (Tr. 30).

the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted). When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id., quoting Bloodsworth v. Heckler, 703 F. 2d 1233, 1239 (11th Cir. 1983). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (*per curiam*); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

Plaintiff raises a single issue for review. He claims that the ALJ "erred in finding that the claimant was not entirely consistent with the medical evidence when the record clearly reveals that the Plaintiff suffered from documented impairments causing significant limitations." (Doc. 24 at 11). In fact, the ALJ did not find that "the *claimant* was not entirely consistent." What the ALJ found was that:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the *claimant's statements concerning the intensity, persistence and limiting effects of these symptoms* are not entirely consistent with the medical evidence *and other evidence in the record* for the reasons explained in this decision.

(Tr. 25 – emphasis added). Misstatement aside, Plaintiff argues that this finding is nothing more than boilerplate language and the ALJ "does not offer any specific reasons for undermining the claimant's testimony, and offers no specific reasons supporting the credibility determination" (Doc. 24 at 12). Therefore, Plaintiff concludes that the ALJ's credibility finding is not supported by substantial evidence and the ALJ committed a legal error. I respectfully disagree.

A claimant may establish disability through his or her own testimony regarding pain or other subjective symptoms. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). To do so, the claimant must show: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. Id.; see also 20 CFR § 416.929(a), (b). If the objective medical evidence does not confirm the severity of a claimant's alleged symptoms, but the claimant establishes that he or she has an impairment that could reasonably be expected to produce the alleged symptoms, then the ALJ must evaluate the intensity and persistence of the alleged symptoms and their effect on the claimant's ability to work. See 20 C.F.R. § 416.929(c), (d). "If the ALJ decides not to credit a claimant's testimony, he must articulate explicit and adequate reasons for

doing so." Foote, 67 F.3d at 1561-62. The Court will not disturb a clearly articulated finding that is supported by substantial evidence. Id. at 1562.

Although the Plaintiff refers to the ALJ's "credibility conclusion," Social Security Ruling 16-3p, which became effective March 28, 2016,[5] eliminates use of the term "credibility" when evaluating symptoms in disability claims. 81 Fed. Reg. 14166. Per the Ruling, the ALJ is to "focus on whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the individual's symptoms and given the adjudicator's evaluation of the individual's symptoms, whether the intensity and persistence of the symptoms limit the individual's ability to perform work-related activities ...." SSR 16-3p, 81 Fed. Reg. 14166, 14171. In making this determination, the ALJ is supposed to follow a two-step process: (1) first determine if the claimant has a medically determinable impairment that could reasonably be expected to produce the symptoms alleged; and, if so (2) evaluate the intensity and persistence of the claimant's symptoms such as pain and determine the extent to which the claimant's symptoms limit his or her ability to perform work-related activities. Id. at 14167.

In considering the intensity, persistence, and limiting effects of the claimant's symptoms, the ALJ is to examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." Id. at 14168. The ALJ should consider whether the "individual's statements about the intensity,

---

[5] The Ruling provides: "Our adjudicators will apply this ruling when we make determinations and decisions on or after March 28, 2016. When a Federal court reviews our final decision in a claim, we expect the court will review the final decision using the rules that were in effect at the time we issued the decision under review." SSR 16-3p, n. 27. Surprisingly, neither Plaintiff nor the Commissioner mention the Ruling in their arguments.

persistence, and limiting effects of symptoms are consistent with the objective medical evidence and other evidence of record." Id. at 14170. The ALJ's decision must contain specific reasons for the weight given to the claimant's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the claimant and any subsequent reviewer can assess how the ALJ evaluated the claimant's symptoms. Id. at 14171.

Applied here, the ALJ cited the appropriate standard and his decision shows it was properly applied. The ALJ stated that he carefully considered the evidence and found "that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. 25). Plaintiff contends that this statement is "boilerplate" and urges error for failing to articulate accurate and specific findings to support this conclusion. In fact, the ALJ did set forth the medical and other evidence in exceptional detail, including weighing various medical opinions, and, following this lengthy and detailed discussion, stated:

> In sum, the above residual functional capacity assessment is supported by the overall evidence of record, the opinions of the State agency consultants, findings of the consultative examiner in 2015, and the claimant's ability to perform various activities, such as driving, shopping, and performing limited chores. Despite the claimant's allegations, there is very little objective evidence in the medical records to support them. Many of the objective finding[s] in the evidence are unremarkable, as described above. Exhibits C13F; C25F; C29F. While Dr. El-Kommos reported in April 2017 that the claimant's symptoms were gradually worsening, he wrote at the next visit that he thought "it is not severe enough to require any intervention." Exhibit C28F/3, 4. This is generally consistent with objective evidence in the file.

> Although the claimant testified that he falls 2-4 times per day, regular falls are not described in the medical records during the relevant period and Dr. El-Kommos wrote in April 2017 that the claimant had no weakness clinically. [fn] Exhibit C28F/4. Although the claimant is sometimes reported to use a cane (e.g., Exhibit C22F/7, 12), there is little objective evidence to support that it is required and the claimant has been described as having a normal gait. Exhibit C25F/4, 7, 12. Furthermore, although he testified he had been using a walker on a daily basis since the beginning of 2017, this is not consistent with the records that do not regularly describe him as using an assistive device. E.g., Exhibits C27F/3-4; C28F/3, 4. While an assistive device does not appear to be medically necessary, I have included its use in the above residual functional capacity based on the claimant's symptoms and testimony with some supporting evidence on examinations.
>
> Despite his limitations, supported by some objective evidence and imaging studies, the overall evidence supports that the claimant would be capable of performing work within the restrictions of the above residual functional capacity. While I acknowledge Dr. Cathcart's statement that the claimant is unable to work, this statement is not consistent with the overall evidence of record, including the objective medical findings.

(Tr. 29-30, emphasis added). Plaintiff's treatment history, acknowledged activities, and opinion evidence noted in this excerpt and throughout the decision are sufficient to support the ALJ's conclusions (Tr. 25-30). Thus, support for the ALJ's finding is clearly articulated and supported by the substantial evidence cited. No error is shown.

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." Phillips v. Barnhart, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004); Miles, supra. "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. (internal quotation and citations omitted). As the Commissioner's decision was made in accordance with proper legal standards and is supported by substantial evidence, it is due to be affirmed.

- 8 -

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED** and that the Clerk be directed to enter judgment accordingly and **CLOSE** the file.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on March 28, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties